[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2010
JOHN LEY
ACTING CLERK

No. 09-11903
Non-Argument Calendar
_____

Agency Nos. A099-635-620, A099-635-621

FERNANDO DEMETRIO CADENA CHUNZA,
MERLENY FARIAS SANCHEZ,
LAURA ESTEFANY CADENA FARIAS,
MARIA FERNANDA CADENA FARIAS,
NATALIA CADENA FARIAS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 12, 2010)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Fernando Demetrio Cadena Chunza is a native and citizen of Colombia. On his own behalf and for his wife and three children, he seeks review of the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). He contends that the evidence compels a finding that the Revolutionary Armed Forces of Colombia (FARC) persecuted him based on his direct or imputed political opinion and that the IJ erred in making an adverse credibility determination. He also argues that he was denied due process.

We review only the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In the present case the BIA did not expressly adopt the IJ's opinion, so we will review only the BIA's decision.

We review the BIA's credibility determination, which is a factual finding, under the "substantial evidence test." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284. We will not reverse a finding of fact by the BIA unless the record compels it. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Evidence in the

2

record that may also support a conclusion contrary to the administrative findings is not enough to justify a reversal.  Id.

In his asylum application, Cadena Chunza stated that he was threatened by FARC and that he "was deprived of [his] freedom and [his] work equipment was destroyed."  He asserted that "[t]he Threats occurred because of the commercial and political activity carried out in the region."  He stated that he believed he would be harmed or mistreated by FARC "for not following their political parameters imposed by them and for not collaborating with their cause." (capitalization omitted).  He also stated that he was a member of "the Political Movement 'Equipo Colombia.'" (capitalization omitted).  He sought asylum or withholding of removal based on his political opinion or membership in a particular social group.

In a declaration attached to his asylum application, Cadena Chunza stated that he supported candidates in the city council (Municipal Council of Acacías) and mayoral races.  He explained that because he owned a well-known business, FARC had been alerted to his activities, and members of FARC harassed him.  He participated in political campaigns through "Equipo Colombia," which FARC considered to be its "political enemy."  His declaration asserted that FARC threatened Cadena Chunza and his family with kidnapping and death, and FARC members destroyed the rented machinery that he used in his business.

3

In his hearing before the IJ, Cadena Chunza testified that he was captured and detained for two days by FARC guerillas. During that incident Commander Ugo threatened him with death if he continued his political work. Cadena Chunza was released unharmed, and when he tried to file a complaint with local police, he was told that the incident did not occur in their jurisdiction. He also testified about FARC members making visits to his store and making threatening phone calls that were answered by his secretary, who told him about the calls. He stated that FARC members referred to one of his daughters as being old enough to carry a weapon. On cross-examination Cadena Chunza testified that he believed his asylum application's general references to threats by FARC covered the specific instances that he testified about at the hearing. His asylum application, however, did not mention those specific events.

The IJ made an adverse credibility determination and found that Cadena Chunza had failed to establish past persecution or a well-founded fear of future persecution. The IJ's adverse credibility determination was based on findings that Cadena Chunza's asylum application, which was vague and lacked detail, contained serious omissions. In particular, the IJ observed that Cadena Chunza's application did not refer to the kidnapping incident, which was central to his claim for asylum. Other details omitted were: the threatening calls received by his secretary; FARC guerillas' visit to his store followed by Cadena Chunza's calling

4

the police; the threat about his daughter being old enough to carry a rifle. The BIA agreed that an adverse credibility finding was supported by the omissions in the application and its lack of specificity and detail about incidents that allegedly occurred in Colombia.

Cadena Chunza contends the IJ's adverse credibility determination was based on a "few unimportant discrepancies" that were "trivial," irrelevant to the heart of his claim, insufficient to make such a finding, and not supported by specific, cogent reasons. He argues that persuasive evidence explained the alleged inconsistencies and supported his allegations of persecution. He also contends that he was denied his due process rights.

As an initial matter, Cadena Chunza has failed to present any specific argument about how his due process rights were allegedly violated. He broadly asserts that the IJ and the government took "actions" that were "unreasonable," but he says nothing about what those actions were. He also concludes that "[t]he omissions committed by the IJ and the BIA constitute a violation of his due process of law," but he does not specify what the omissions were. Because he has failed to make an argument, his claim about a due process violation is waived. See Philmore v. McNeil, 575 F.3d 1251, 1259 (11th Cir. 2009) ("Other than a cursory allegation of a Fifth Amendment deprivation, Philmore makes no argument and

5

provides no citation of authority as to how this right was violated. Consequently, Philmore has abandoned this claim.").

As to the credibility determination, Cadena Chunza argues that "the IJ's credibility determination relied largely on unimportant or explicable discrepancies." Adverse credibility is assessed in light of the totality of the circumstances and may be based on inaccuracies or falsehoods that do not "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).[1] Cadena Chunza omitted from his asylum application several significant incidents involving FARC's threats against him and his family. He failed to provide plausible explanations for why those omissions occurred and merely stated his belief that all of those specific events were encompassed by his application's general reference to FARC threatening him and his family.

The application asks: "Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?" It instructs the applicant, if the answer to that question is "yes," to "explain in detail" what happened. Cadena Chunza testified that he completed the application with the assistance of an attorney. Even so, in response to the "what happened"

---

[1] In the REAL ID Act of 2005, Congress amended the law regarding credibility determinations for asylum applications filed after May 11, 2005. See Pub. L. No. 109-13, 119 Stat. 302, § 101(h)(2). Cadena Chunza's application was filed after that date, so 8 U.S.C. § 1158(b)(1)(B)(iii) applies.

question he provided only a general statement: "Threats against my life and my family's life. Also I was deprived from my freedom and the work equipment was destroyed."

Based on Cadena Chunza's testimony, the IJ focused on the specific events that Cadena Chunza had omitted from his application. The BIA also found that the application "contained generalities and a lack of detail, and omitted significant events that he had described during his testimony." Based on those omissions, the BIA agreed with the IJ's adverse credibility determination. The IJ and the BIA presented "specific, cogent reasons" in favor of an adverse credibility determination. See Forgue v. United States Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). Thus, the BIA did not err in finding that Cadena Chunza's testimony lacked credibility because of the material omissions in his asylum application. See id. (holding that an asylum application's omission of specific events of alleged persecution is enough to support an adverse credibility determination).

Substantial evidence in the record as a whole supports the BIA's denial of Cadena Chunza's asylum application based on its adverse credibility determination. See Forgue, 401 F.3d at 1287–88. Because Cadena Chunza "has failed to establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal or protection under CAT." Id. at 1288 n.4.

**PETITION DENIED.**

7